UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| DAVID F. ANDERSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:18-CV-254-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| J. RAY ORMOND, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate David F. Anderson has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the enhancement of his federal sentence based upon prior state felony convictions. [R. 1] The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

In October 2008, Anderson pled guilty in Miami, Florida to federal charges of possession with intent to distribute 50 grams or more of cocaine base. In his sentencing memorandum, his attorney asserted that Anderson's role in the offense was minor, but conceded that he was a career offender under § 4B1.1(a) of the Sentencing Guidelines based upon prior felony convictions imposed by the State of Florida in 2002 and 2003. Specifically, Anderson had been convicted of battery upon a police officer and resisting or obstructing with violence in one case, and of aggravated assault, two counts of battery upon a police officer, and resisting or

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Anderson's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief.") (citations and internal quotation marks omitted).

1

obstructing with violence in another.[2] Although the Sentencing Guidelines established a sentencing range of 262 to 327 months imprisonment, the trial court departed below the guidelines range and in December 2008 imposed a sentence of 210 months imprisonment, a term below the 20-year statutory maximum applicable to his offense under 21 U.S.C. § 841(b)(1)(C). *United States v. Anderson*, No. 1: 08-CR-20601-JIC-4 (S.D. Fla. 2008) [R. 105, R. 125, R. 133, R. 144 therein] Anderson challenged the reasonableness of his sentence on direct appeal, but in June 2009 the United States Court of Appeals for the Eleventh Circuit found no error and affirmed. *United States v. Anderson*, 334 F. App'x 275 (11th Cir. 2009).

Although Anderson sets forth a wide variety of arguments in his petition, none of them provide a basis for habeas relief. He first contends that his "[s]tate predicates are not crimes of violence for the purpose of enhancements," an assertion he initially supports only with unexplained references to various decisions by the United States Supreme Court and different federal courts of appeal:

> "Vague statutes unconstitutional, See "Johnson/Welch" "Dimaya" under New Intervening change of Law and "Camp v. US" 6th Cir. 2018 for Circuit precedent effecting Career Offenders, Lenity Allowed under Beckles, "Edling 9th Cir." "U.S v Wheeler" 4th Cir 2017 allows Circuit precedent to be held retroactive for collateral review."

[R. 1 at 5] While this argument challenges the enhancement of Anderson's sentence on constitutional grounds, in an attached memorandum[3] he separately challenges the enhancement on statutory grounds. Anderson argues that his three Florida convictions for battery upon a law enforcement officer pursuant to Fl. Stat. § 784.07(2)(B) are not "crimes of violence" within the

---

[2] Anderson also had two prior felony convictions for possession of cocaine, oxycodone, and alprazolam, but the record does not indicate whether the offenses involved an intent to distribute as required to constitute "controlled substance offenses" within the meaning of U.S.S.G. § 4B1.2(b). The Court therefore limits its consideration to Anderson's prior violent offenses.

[3] The supplemental memorandum references an earlier § 2241 petition Anderson filed in 2012. See [R. 1-1 at 1; *Anderson v. Warden, FCC Coleman USP-1*, No. 5: 12-CV-656-WTH-PRL (M.D. Fla. 2012).

meaning of § 4B1.2(a) because the statute does not require a violent or forceful touching when it is inflicted upon a police officer. [R. 1-1 at 8-10 (citing *Johnson v. United States*, 559 U.S. 133 (2010) and *United States v. Arroyo*, 636 F. App'x 989 (11th Cir. 2016)] Anderson separately argues that his convictions for aggravated assault are not crimes of violence because the state statute of conviction, Fl. Stat. § 784.07(2)(c), proscribes a broader range of conduct than the generic definition of assault.[4] [R. 1-1 at 17-18 (citing *Descamps v. United States*, 570 U.S. 254 (2013) and *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243, 195 L.Ed.2d 604 (2016)] As will be discussed below, Anderson's arguments fail on both procedural and substantive grounds.

Procedurally, Anderson's constitutional and statutory claims are not cognizable in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. A federal prisoner must generally challenge the legality of his federal conviction or sentence by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may generally not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). Under this exception, a prisoner may use a habeas corpus proceeding under § 2241 to

---

[4] Fl. Stat. § 784.07(2)(c) actually only increases the severity of aggravated assault from a third-degree felony to a second-degree felony when it is committed upon a law enforcement officer. The aggravated assault statute is set forth in Fl. Stat. § 784.021, which defines the offense as assault "with a deadly weapon without intent to kill," or as assault "with an intent to commit a felony." Fl. Stat. § 784.021(1)(a),(b). Documents that Anderson filed in support of a prior § 2241 petition before this Court establish that he was charged and pled *nolo contendere* to aggravated assault upon a law enforcement officer, and he was thus subject to the enhanced sentence. See *Anderson v. Gomez*, No. 6: 18-CV-129-DCR (E.D. Ky. 2018) [R. 1-2 at 4-10 therein].

challenge the validity of his conviction where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002).

In *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the Sixth Circuit held that challenges to the enhancement of a federal sentence, as opposed to a conviction, could be pursued in a § 2241 petition, but only in a certain class of cases. To qualify, the petitioner must:

(1) point to a Supreme Court decision of statutory interpretation which establishes that one or more of his prior convictions were not for offenses that could properly be used to enhance his federal sentence;

(2) show that the decision could not have been invoked in an initial § 2255 motion;

(3) demonstrate that the decision is retroactively applicable to cases on collateral review;

(4) establish that his sentence was miscalculated in a manner sufficiently grave to be deemed a miscarriage of justice or a fundamental defect; and

(5) have been sentenced under a mandatory guidelines regime before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) rendered the Sentencing Guidelines merely advisory.

*Hill*, 836 F. 3d at 595, 599-600. Here, Anderson was sentenced in 2008, three years after *Booker* was decided, at a time when the Sentencing Guidelines were advisory rather than mandatory. He therefore fails to satisfy at least one of the requirements set forth in *Hill*, rendering his challenge to the enhancement of his sentence not cognizable in this § 2241 proceeding.

4

In a series of recent unpublished opinions, the Sixth Circuit has questioned whether the *Hill* decision actually limited its holding regarding the scope of the savings clause to sentences imposed before *Booker* was decided. Cf. *Neuman v. United States*, No. 17-6100, 2018 WL 4520483 (6th Cir. May 21, 2018):

> The district court relied on the even narrower three-part standard that appears at the very end of *Hill*. There, the *Hill* panel stressed that its decision addresses "only a narrow subset" of savings clause petitions filed under § 2241 petitions (*sic*), involving petitioners sentenced under the pre-*Booker* mandatory guidelines regimes who argued that a "subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career offender enhancement." *Hill*, 836 F.3d at 599-600. It is not clear whether this even narrower language was intended to add an additional element to the comparatively broader three-part substantive showing that a petitioner must make in order to challenge a sentencing error in a § 2241 petition under the savings clause, see *id*. at 595, or merely a statement of the specific circumstances before the court in *Hill*. Because Neuman cannot make the initial broader substantive showing required by *Hill*, however, we need not here address whether *Hill* is limited to career-offender enhancements imposed under the pre-*Booker* mandatory guidelines.

*Id*. at *2 n.1. While the Court agrees that the decision in *Hill* is confounding in many respects, see note 5 *infra*, the panel's intention to limit the reach of its holding to sentences imposed under the pre-*Booker* mandatory guidelines regime is evident from its opinion.

First, the Sixth Circuit in *Hill* relied heavily upon the Seventh Circuit's decision in *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013) to support its conclusion regarding the scope of the savings clause. *Id*. at 595. In particular, it relied upon *Brown* to support its holding that errors in applying sentencing enhancements are fundamental defects that constitute a miscarriage of justice where the sentence was imposed under pre-*Booker* mandatory guidelines:

> Thus, the misapplication of the sentencing guidelines, at least where (as here) the defendant was sentenced in the pre-*Booker* era, represents a fundamental defect that constitutes a miscarriage of justice corrigible in a § 2241 proceeding.

*Id*. at 597 (quoting *Brown*, 719 F. 3d at 587-88). Second, the Court in *Hill* noted that Sixth Circuit precedent has long permitted a sentencing challenge under § 2241 where the sentence imposed exceeds the statutory maximum. *Hill*, 836 F. 3d at 597 (citing *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001)). The Court in *Hill* expressly relied upon the mandatory nature of pre-*Booker* guidelines sentences to draw an analogy to this Sixth Circuit precedent permitting § 2241 challenges to sentences above the statutory maximum:

> Serving a sentence imposed under mandatory guidelines ... shares similarities with serving a sentence imposed above the statutory maximum. Both sentences are beyond what is called for by law, see *Brown*, 719 F.3d at 588 (explaining pre-*Booker* guidelines "had the force and effect of law"), and both raise a fundamental fairness issue.

*Id*. at 599. See also *United States v. Wheeler*, 886 F. 3d 415, 427-29, 432 n.9 (4th Cir. 2018). Finally, the *Hill* Court flatly stated that "... we reiterate that our decision addresses only a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-[*Booker*] ..." *Id*. at 599-600. Therefore both the reasoning underlying the decision in *Hill* and clear language in that opinion requires the conclusion that its precedent applies only to sentences imposed pre-*Booker*. While other panels of the Sixth Circuit may question the viability of the line drawn by the *Hill* panel, they have expressed only concern rather than conviction on this question, and have done so only in unpublished decisions. While the Sixth Circuit may decide to revisit the question in a future case, *Hill* itself is clear that only pre-*Booker* sentences may be challenged in a § 2241 petition, and that conclusion binds this Court.[5]

---

[5] Outside of this particular issue, the decision in *Hill* is difficult to comprehend and apply not in one respect, but in many. For instance, when the Sixth Circuit first states its new test regarding the scope of the savings clause, the panel notes only that the parties agreed upon the test to be applied and that two circuit courts of appeal had employed similar tests. *Hill*, 836 F. 3d at 595. But the panel did not explain why the parties' views were worthy of adoption or persuasive. See *United States v. Castillo*, 896 F. 3d 141, 149 (2d Cir. 2018) ("It is well-established that a court 'cannot properly determine a question of law on the basis of a party's concession,' even a concession by the government.") (citing *Nat'l Aeronautics & Space Admin. v. Nelson*, 562 U.S. 134, 163 n.* (2011)). Nor did it discuss why it chose to implicitly

Even if this were not so, Anderson's claims fail to satisfy other requirements of *Hill*, and hence may not be pursued under § 2241. Anderson's petition suggests constitutional challenges to the enhancement of his sentence under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) (holding that the residual clause found in 18 U.S.C. § 924(e)(2)(B) is unconstitutional); *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016) (holding that *Johnson* (2015) is retroactively applicable to cases on collateral review, and hence can be asserted as a ground for relief in a second or successive § 2255 motion pursuant to 28 U.S.C. § 2255(h)(2)); *Sessions v. Dimaya*, __U.S. __, 138 S. Ct. 1204 (2018) (applying *Johnson* (2015) to hold the residual clause found in 18 U.S.C. § 16(b) unconstitutional); and *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886 (2017) (holding that the advisory nature of the post-*Booker* Sentencing Guidelines renders the residual clause of the career offender provision in U.S.S.G. § 4B1.2(a) not susceptible to a constitutional challenge on the ground that it is void for vagueness). But *Hill* establishes that sentencing challenges cognizable under § 2241 must be based upon statutory interpretation rather

---

reject the approaches taken by the other eight federal courts of appeal, approaches that differ significantly both in terms of application and justification from the one adopted. The panel also undertook no meaningful effort to harmonize its new test with the Sixth Circuit's decades-old view, set forth in hundreds of unpublished decisions, that sentencing claims could not be pursued under § 2241 except in far narrower circumstances. *Cf. Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) ("... claims of sentencing error may not serve as the basis for an actual innocence claim.").

The *Hill* decision also uses differing and inconsistent terminology to describe its new test. It first suggests that the petitioner must merely point to a "new case" of statutory interpretation to support his argument, *Hill* at 595, but later the panel states that the case must have been issued by the United States Supreme Court, *id*. at 600, indicating a far narrower range of decisions upon which requests for habeas relief may be grounded. In addition, the Sixth Circuit first states that the case need only be one of "statutory interpretation," *Hill* at 595, but later states that the Supreme Court case must make clear that "a previous conviction is not a predicate offense for a career-offender enhancement," *id*. at 600. Finally, the *Hill* panel first indicates that the claim must be one that could not have been filed in an *initial* § 2255 motion, *Hill* at 595, but later suggests that the issue must be one that could not have been raised in a *successive* motion under § 2255, *id*. at 560. These are not trivial variations in the expression of single concept, but fundamental variances in language that affect the substantive reach of the holding. It remains to be seen which of these numerous iterations the Sixth Circuit decides accurately conveys the proper reach of its decision in *Hill*.

than constitutional law, rendering reliance upon *Johnson* (2015) and *Dimaya* wholly unavailing. Because *Welch* established that a *Johnson* (2015) claim could be pursued in a second or successive motion under § 2255(h)(2), resort to § 2241 to assert a *Johnson* (2015) claim is impermissible. And *Beckles* makes plain that Anderson's vagueness challenge to the enhancement of his sentence pursuant to U.S.S.G. § 4B1.1(a) is substantively without merit.

That leaves Anderson's two statutory arguments. Anderson first asserts that the Florida statute under which he was convicted, thrice, for battery upon a law enforcement officer does not have as an element "the use, attempted use, or threatened use of physical force against the person of another" as required to satisfy the "elements" clause of § 4B1.2(a)(1). He relies upon *Johnson v. United States*, 559 U.S. 133 (2010), where the Supreme Court held that a Florida conviction for *simple* battery under Fl. Stat. § 784.03(1)(a) did not satisfy the elements clause of 18 U.S.C. § 924(e)(2)(B)(i) – phrased identically to § 4B1.2(a)(1)'s elements clause – because the mere "actual and intentional touching" required by the Florida statute does not constitute the kind of "violent force" required by the ACCA's elements clause. *Id*. at 139-40.

As a preliminary matter, Anderson may not rely upon *Johnson* (2010) as a basis for his claim in this § 2241 proceeding because he could, and therefore must, have asserted it in an initial motion under § 2255. *Hill*, 836 F. 3d at 595. A § 2255 motion must be filed within one year after "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A conviction becomes final once direct review is concluded, which occurs once the 90-day period to file a petition for writ of *certiorari* expires after the federal court of appeals issues its opinion. *Raybon v. United States*, 867 F.3d 625, 629 (6th Cir. 2017). The Eleventh Circuit issued its opinion affirming Anderson's sentence on June 22, 2009. *Anderson*, 334 F. App'x at 275. Direct review therefore concluded 90 days later on September 20, 2009, and Anderson's initial

§ 2255 motion was thus due on or before September 20, 2010. The Supreme Court issued its opinion in *Johnson* (2010) on March 2, 2010. *Johnson*, 559 U.S. at 133. Because *Johnson* was decided six months before Anderson's initial § 2255 motion was due, the remedy under § 2255 was not "inadequate and ineffective" to assert a claim arising under it, and resort to § 2241 to assert such a claim is impermissible.

If the Court could reach the merits of Anderson's claim under *Johnson* (2010), its resolution hinges upon whether Florida law requires the kind of "violent" force contemplated in *Johnson* to convict for battery of a law enforcement officer under Fl. Stat. § 784.07(2)(B). The Eleventh Circuit has indicated that it does. *Turner v. Warden Coleman FCI (Medium)*, 709 F. 3d 1328, 1339-40 (11th Cir. 2013)[6]; *Johnson v. United States*, 735 F. App'x 1007, 1013-14 (11th Cir.), *pet. for cert. filed*, 2018 WL 2940851 (2018). Other Eleventh Circuit decisions indicate that it does not, but have held that the offense nevertheless qualifies as a crime of violence under § 4B1.2(a)(2)'s residual clause. *Rozier v. United States*, 701 F.3d 681, 685 (11th Cir. 2012) (citing *United States v. Rozier*, 37 F. App'x 499 (11th Cir. 2002) (holding that the Florida offense of battery upon a police officer "involves conduct that presents a serious potential risk of physical injury to another" within the meaning of § 4B1.2(a)(2) because "in committing the unlawful touching the offender creates the potential for violence to the officer, a violent response on the officer's part, and a risk of harm to bystanders.""); see also *United States v. Jackson*, 646 F. App'x 877, 883 (11th Cir. 2016); *United States v. Joseph*, 700 F. App'x 918, 923 (11th Cir. 2017). Anderson's three Florida convictions for battery upon a law enforcement officer therefore

---

[6] *Turner* was abrogated in part by *Johnson* (2015), but only as it related to a Florida conviction for aggravated battery, an offense different than the one at issue here. See *Thornton v. United States*, 737 F. App'x 991, 992 (11th Cir. 2018).

9

qualify as "crimes of violence" under § 4B1.2's "elements" clause, the residual clause, or both.[7] Because the career offender provision found in § 4B1.1(a) only requires two prior felony crimes of violence to warrant the enhancement, these three convictions alone were sufficient to warrant the increased sentencing range.

Anderson's second statutory argument asserts that his aggravated assault conviction is not one for a crime of violence. Anderson references *Descamps*[8] and *Mathis*,[9] but even the general nature of his argument is difficult to discern. [R. 1-1 at 16-18][10] Regardless, the Eleventh

---

[7] Anderson refers the Court to *United States v. Arroyo*, 636 F. App'x 989 (11th Cir. 2016), but it does not assist him. In *Arroyo*, the Eleventh Circuit held that a Florida conviction for battery upon a law enforcement officer could not be used to enhance a sentence under 18 U.S.C. § 924(e)(1) because *Johnson* (2015) held that the residual clause of § 924(e)(2)(B) was unconstitutionally vague. *Id*. at 990-91. But Anderson's sentence was enhanced under U.S.S.G. § 4B1.1, not 18 U.S.C. § 924(e), and *Beckles* teaches that the advisory guidelines enhancement is not subject to a vagueness challenge under *Johnson*.

[8] *Descamps* teaches that if a prior conviction was obtained under a state statute that is indivisible, meaning that it defines only one offense, the court must use the categorical approach – referencing only the elements set forth in the statute itself – to determine whether that prior state offense is no broader than one of the enumerated offenses in the applicable career offender provision. In such cases, the court may not use the modified categorical approach, an approach that permits review of trial documents such as the indictment, jury instructions, plea agreement and colloquy, materials described in *Shepard v. United States*, 544 U.S. 13, 26 (2005). *Descamps*, 570 U.S. at 258, 263-64.

[9] *Mathis* merely reiterated the longstanding rule that a statute which sets forth alternative factual means to commit a single offense is not divisible, and hence does not permit resort to *Shepard* materials to determine the particular manner the offense was committed. *Mathis*, 136 S. Ct. at 2248-50 (citing *Richardson v. United States*, 526 U.S. 813 (1999)).

[10] At the outset, there is at least some ground to question whether those cases and the categorical approach are applicable to this aggravated assault offense. The categorical approach is used only to determine if a state predicate offense is a "match" to an offense specifically enumerated in the applicable federal enhancement provision. *Mathis*, 136 S. Ct. at 2248 ("To determine whether a prior conviction is for generic burglary (or other listed crime) courts apply what is known as the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case."). Here, the guidelines provision used to enhance Anderson's sentence does have a list of four enumerated offenses, but aggravated assault is not one of them. § 4B1.2(a)(2) ("...burglary of a dwelling, arson, or extortion, involves use of explosives ...").

However, Application Note 1 to this guideline expands considerably the list of enumerated offenses to also include murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, and extortionate extension of credit. These additional offenses are in some instances different in both nature and severity from the four identified in the guideline provision proper. Nonetheless, the majority of

Circuit has repeatedly held that a Florida conviction for aggravated assault under Fl. Stat. § 784.021 is a crime of violence under the elements clause of § 4B1.2(a)(1) or the identically-worded elements clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(i). *United States v. Gandy*, 710 F.3d 1234, 1237 (11th Cir. 2013); *United States v. Johnson*, 515 F. App'x 844, 847-48 (11th Cir. 2013); *In re Hires*, 825 F.3d 1297, 1301 (11th Cir. 2016); *United States v. Chappelle*, 735 F. App'x 644, 646 (11th Cir. 2018); *Flowers v. United States*, 724 F. App'x 820, 823-24 (11th Cir. 2018). Anderson's convictions for aggravated assault were therefore properly considered crimes of violence to enhance his sentence pursuant to U.S.S.G. § 4B1.1(a).

Anderson's supplemental memorandum [R. 1-1] also includes a grab-bag of other claims. He suggests that he pled *nolo contendre* to the Florida charges and that such convictions can never qualify as predicate offenses to enhance a sentence because they do not establish guilt of the underlying offense. [R. 1 at 5; R. 1-1 at 18-19] In the same paragraph Anderson states without explanation that he "also claims entitlement to an 'Allenye' claim as recently ruled by the 6th Cir. 2018" [R. 1 at 5; R. 1-1 at 1] He later requests "[r]esentencing without enhancements under Johnson/Dimaya and Allenye." [R. 1 at 8] Anderson separately argues that while he committed his Florida offenses on separate occasions, they should be treated as only one predicate offense because he was sentenced for all of them at the same time. [R. 1-1 at 7, 10-13] Anderson also claims that his counsel was ineffective at the time of sentencing because he failed to challenge the enhancement of his sentence on the grounds he now asserts. [R. 1-1 at 12-15]

Anderson does not explain the basis for his claim under *Alleyne v. United States*, 570 U.S. 99 (2013). In *Alleyne*, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545

---

circuits have held that "offenses listed in Application Note 1 are "enumerated" for purposes of the crime-of-violence analysis." *United States v. Marrero*, 743 F. 3d 389, 399 (3d Cir. 2014) (citing cases from the Second, Third, Fourth, Seventh, and Eleventh Circuit courts of appeal); see also *Stinson v. United States*, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it ... is inconsistent with, or a plainly erroneous reading of, that guideline").

(2002) and held that, as with any fact which increases the statutory maximum, and hence must be found by a jury under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Sixth Amendment requires that any fact which increases a statutory mandatory minimum must also be found by a jury. *Alleyne*, 570 U.S. at 103. Like Anderson's other claims of constitutional error, his claim under *Alleyne* is not cognizable in a § 2241 proceeding because it is not predicated upon a Supreme Court case of statutory interpretation. *Hill*, 836 F. 3d at 595. In addition, the *Alleyne* Court itself explained that it was merely an application of *Apprendi*, see 570 U.S. at 116, and hence the federal courts of appeal have consistently held that *Alleyne* is not retroactively applicable to cases on collateral review. *Jeanty v. Warden, FCI-Miami*, 757 F. 3d 1283, 1285-86 (11th Cir. 2014) (collecting cases). Anderson's *Alleyne* claim is factually and legally insufficient as well. Factually, application of the guidelines' career offender enhancement increased his Offense Level, but it did not establish a mandatory minimum sentence. U.S.S.G. § 4B1.1(b). Legally, *Alleyne* preserved the well-established rule that the fact of a prior conviction need not be charged in the indictment or found by the jury to apply a statutory enhancement. *Alleyne*, 570 U.S. at 111 n.1. See *United States v. Mack*, 729 F. 3d 594, 609 (6th Cir. 2013); *United States v. King*, 751 F. 3d 1268, 1279-80 (11th Cir. 2014). *Alleyne* therefore provides no basis for habeas relief.

Anderson's other claims – that he pled *nolo contendre* to his Florida charges and hence they were not valid predicate offenses, that they should have counted as only one predicate offense, and that his trial counsel was constitutionally ineffective at sentencing – are claims of ordinary trial error which cannot be pursued in a § 2241 petition. Anderson could have pursued these claims at the sentencing hearing, on direct appeal, or in an initial motion under § 2255. Because the remedy afforded by § 2255(a) was not "inadequate and ineffective" to assert these

claims, § 2255(e) does not permit resort to a § 2241 petition to assert them. *Truss*, 115 F. App'x at 773-74; *Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir. 2003); *Perez-Ortiz v. Snyder-Norris*, No. 0: 16-CV-104-HRW (E.D. Ky. 2016), *aff'd*, 2018 WL 5734583, at *2 (6th Cir. July 6, 2018). Having thoroughly reviewed all of the claims expressly or impliedly asserted in the petition and having found no basis for relief, the Court will deny the petition.

Accordingly, **IT IS ORDERED** that:

1. Petitioner Anderson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 14th day of December, 2018.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY